IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| PAUL MCCURLEY, III, individually and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>FLOWERS FOODS, INC. and DERST BAKING COMPANY, LLC,<br><br>Defendants. | Case No. 5:16-194-JMC<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>(Jury trial demanded) |

Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

### NATURE OF ACTION

1. This is a class and collective action brought to obtain declaratory, injunctive and monetary relief on behalf of a class of individuals who operate(d) as fresh bakery product distributors for defendants, Flowers Foods, Inc., and Derst Baking Company, LLC, (collectively "Flowers") and who defendants classify or classified as independent contractors. These claims are brought under the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the South Carolina Payment of Wages Act, S.C. Code § 41-10-10, *et seq*; the South Carolina Unfair Trade Practices Act, S.C. Code § 39-5-10, *et seq*; and South Carolina common law.

2. "Distributors" are required by defendants to deliver fresh baked goods to customers (primarily commercial retailers). In addition to delivering Flowers Foods' products to defendants' customers, Distributors stock the products on store shelves and assemble promotional displays designed and provided by defendants.

3. The state statutory and common law claims alleged below are brought on behalf of a proposed opt-out class pursuant to Rule 23, FRCP, which consists of all those persons working as

1

distributors for defendants in the state of South Carolina at any time during the three years prior to the filing of this complaint.

4.  The FLSA claims alleged below is brought as a proposed opt-in collective action on behalf of those persons working as distributors for defendants in the states of South Carolina and Georgia at any time within three years prior to the filing of this complaint.

5.  This action challenges both the classification of distributors as independent contractors and defendants' denial to plaintiff and the proposed classes of the rights, obligations, privileges and benefits, including overtime compensation, owed to them as employees under the above-referenced laws.

## P ARTIES

6.  Plaintiff Paul McCurley, III ("McCurley") is a resident of Orangeburg County, South Carolina who works as a distributor for defendants in South Carolina. Plaintiff McCurley operates out of a distribution center run by Derst Baking Company, LLC, in Orangeburg, South Carolina. During the class period, plaintiff regularly worked in excess of forty hours per week and did not receive overtime pay at any time during the class periods.

7.  Flowers Foods, Inc., is a Georgia corporation with its principal place of business in Thomasville, Georgia. Flowers Foods hires individuals, whom it classifies as independent contractors, to distribute its products by delivering them to commercial retailers and stocking the products on store shelves. Flowers Foods, Inc. employs distributors in 31 states throughout the southern and eastern parts of the United States.

8.  Derst Baking Company, LLC, is a Georgia limited liability company with its principal place of business in Savannah, Georgia. Derst Baking Company is a wholly owned subsidiary of Flowers Foods, Inc. Derst Baking Company hires individuals, whom it classifies as independent

contractors, to deliver and stock bakery and snack food products from its distribution centers in South Carolina and Georgia.

## JURISDICTION / VENUE

9. This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

10. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because, based upon information, the proposed classes contain more than one hundred members, the aggregate amount in controversy exceeds $5 million, and some putative class members are from a different state than defendants.

11. Venue is proper in this Court under 28 U.S.C § 1391(b)(2).

## FACT ALLEGATIONS

12. Defendant Flowers Foods is a corporation whose business consists of distributing baked food products to commercial retailers through a network of communication, distribution, and warehousing facilities. Distributors' role within this network is delivery of product from warehouse to retail operations and maintenance of product displays.

13. Defendant Flowers Foods, by and through subsidiaries like Derst Baking Company, LLC, ships bakery food products to warehouses where distributors arrive early in the morning and load their vehicles with defendants' products.

14. The distributors then deliver the products to defendants' retailer-customers at the times and places specified by defendants.

15. The distribution agreement between defendants and distributors (including plaintiff) has no specific end date and can be terminated by either party at any time with limited notice.

16.     Defendant Flowers Foods markets its baked food products to retailers such as Wal-Mart, Harris Teeter, Target, Dollar General, and other grocery stores and mass merchants. Defendant Flowers Foods negotiates with the retailers to set virtually all terms of the relationship including:

   a)    wholesale and retail prices for products;

   b)    service and delivery agreements;

   c)    shelf space to display products;

   d)    product selection;

   e)    promotional pricing for products;

   f)    the right to display promotional materials; &

   g)    print advertisements in retailers' newspaper ads.

17.     In some cases, Flowers Foods negotiates and agrees with retailers and fast food restaurants to manufacture and distribute the retailer's store brand (or private label) bread products.

18.     Defendant Flowers Foods often negotiates the above terms for baked food products (which are distributed by plaintiff and members of the proposed classes) at the same time it negotiates terms for its shelf-stable snack products (which are not distributed by plaintiff). The result is that distributors' job duties and ability to earn income is tied directly to the sale and promotion of products outside of their control. [1]

19.     The relationship between each member of the classes and defendants is essentially the same in material respects.

---

[1]  For example, Flowers Foods negotiated with a large retailer that it would manufacture the retailer's private label bread at near zero profit margin in exchange for the retailer providing space for Flower Foods' drop-shipped shelf-stable cake products.  The result is that Flowers Foods profits off the sale of its shelf-stable products while passing the cost and expense of distributing its loss-leading private label bread to Plaintiff and members of the proposed classes, all of whom have no right to reject the arrangement without losing their jobs.

20. Defendants reserve the right to control plaintiff and proposed class members in the performance of their work.

21. The work performed by plaintiff and other distributors simultaneously benefits Defendant Flowers Foods and the Flowers' subsidiary for which the distributors worked.

22. Plaintiff and members of the proposed classes were hired to distribute products for defendants and are required to strictly follow defendants' instructions, pricing, policies, and procedures which defendants independently negotiate with their retailer customers.

23. Distributors use defendants' hand-held computers to log the delivery, and defendants bill its customers directly using the data entered into the computer by the distributors. The terms of the sale are negotiated between defendants and their retailer customers.

24. Distributors place Defendants' products on the retailer-customer's shelves, remove stale or rejected product, and organize the retailer customers' display shelves. If defendants are running a sale or promotion, the distributors construct and stock the promotional display. Defendants usually reimburse distributors for stale or rejected product.

25. Defendants represented to plaintiff and other distributors that they would run their businesses independently, have the discretion to use their business judgment, and have the ability to manage their businesses to increase profitability.

26. Nonetheless, defendants retain the exclusive right to control the manner in which plaintiff and other distributors perform their jobs.

27. Contrary to its representations, defendants denied plaintiff and other distributors benefits of ownership and entrepreneurial skill by retaining and exercising the following rights:

    a)    the right to negotiate the wholesale price for the purchase and sale of products;

    b)    the right to negotiate shelf space in the stores in the distributor's territory;

    c)    the right to negotiate the retail sale price for products;

d)      the right to establish all sales and promotions and to require distributors to follow them;

e)      the right to change orders placed by distributors, to require them to pay for product they did not order, load it on their trucks, deliver it to stores, maintain the product in the store, remove the product from the store, and return it to the warehouse for credit; and distributors who did not attempt to distribute the extra product were billed for the full wholesale price of that product;

f)      the right to assign delivery stops to each distributor in a particular order and require distributors to get approval for following a different order;

g)      the right to discipline distributors, up to and including termination, for reasons including hiring employees to run their routes, taking time off work, or refusing a specific order to deliver a product to a particular store at a particular time;

h)      the right to handle customer complaints against the distributor and to take disciplinary action;

i)      the right to withhold pay for certain specified expenses;

j)      the right to unilaterally terminate the employment relationship;

k)      the right to unilaterally vary the standards, guidelines, and operating procedures; and

l)      various other rights reserved by defendants.

28.     Plaintiff and class members were, or are, required to accept defendants' conditions of employment or face termination.

29.     Plaintiff and class members were also required to enter into non-compete clauses and to give defendants first right of refusal on transfers of distributors' territories.

30.     Defendants not only retained the rights listed above, but exercised them as well.

31.     Defendants routinely modify a distributor's product orders to increase the amount of the order. If a distributor refuses the additional product, defendants bill the Distributor for the product and deduct the cost from the distributor's wages.

32.     Defendants require distributors to process all transactions through a hand held computer they provide. The hand held computer controls the product prices, maintains customer information, tracks mileage, and monitors business performance.

33.     Defendants control plaintiff's and putative class members' opportunities for profit or loss by controlling wholesale pricing and negotiating retail pricing. Specifically, Defendants negotiate the sale of its products with major retailers. Plaintiff and class members then deliver the products to store locations per the agreement between defendants and the retailer. Plaintiff lacks discretion as to what products to distribute to a particular store, whether to run sales or promotions, how frequently to service stores, and similar discretion that would allow him to increase (or decrease) the profitability of his work.

34.     Distributors' investment in equipment to operate their route is low. Defendants provide computer equipment, administrative support, warehouse space, advertisements, promotional materials, bakery trays, market advice, strategic development, and almost every other business necessity. Defendants offer insurance and vehicle financing to distributors with the payments being deducted from distributors' wages.

35.     The distribution job performed by plaintiff and members of the proposed classes does not require specialized skills. However, it is integral to defendants' business.

36.     Defendants classify distributors as "independent contractor" despite defendants' substantial control over the way in which the distributors perform their jobs.

37.     Having been misclassified as independent contractors, plaintiff and class members have been denied the rights and benefits of employment, including, but not limited to overtime pay.

7

38. Plaintiff and class members have incurred expenses for necessary equipment, insurance, product loss, product return, and other expenses that defendants have required them to purchase or pay.

39. Distributors work, on average, in excess of forty hours during a seven-day workweek. However, Plaintiff and, upon information and belief, proposed class members have never received overtime wages.

40. During the relevant time period, Plaintiff McCurley regularly worked in excess of 40 hours per workweek. He is aware of other distributors who worked well in excess of 50 hours per workweek most weeks of the year.

41. Defendants' mischaracterization of the distributors as independent contractors, the concealment or non-disclosure of the true nature of the relationship between defendants and the distributors, and the resulting denial of rights and benefits of employment are part of an on-going unlawful practice by defendants which the court should enjoin.

### FLSA Collective Action Allegations

42. Plaintiffs brings Count I of this complaint as a collective action, alleging violations of the FLSA on behalf of themselves and all similarly situated individuals. This "FLSA Collective Group" is defined as:

> All persons who are or have performed work as "distributors" for defendants in the states of South Carolina and Georgia under a "distributor agreement," or similar contract, during the three years prior to the filing of the complaint and through the trial of this action.

Plaintiff reserves the right to modify this definition prior to conditional certification of the collective group.

43. Plaintiff consents in writing to be part of this action pursuant to 29 U.S.C. § 216(b). *See* Ex. 1.

44. Plaintiff and other distributors have regularly worked in excess of 40 hours per week without overtime compensation.

45. Upon information and belief, defendants knew that plaintiff and all similarly situated distributors performed work that required overtime pay and failed to pay overtime wages.

46. Defendants have operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all time worked.

47. Defendants' conduct was willful and has caused significant damage to plaintiff and all similarly situated individuals.

48. Defendants are liable under the FLSA for failing to compensate plaintiff and all similarly situated individuals, and notice of this lawsuit should be sent to them. Those similarly situated employees are known to defendants and can be easily identified through defendants' payroll records.

### Class Action Allegations

49. Plaintiff also brings this complaint under Rule 23, FRCP, on behalf of a "South Carolina subclass" defined as follows:

> All persons who are or have performed work as "distributors" for defendants in South Carolina under a "distributor agreement," or similar contract, during the three years prior to the filing of the complaint and through the trial of this action.

Plaintiff reserves the right to redefine the class prior to class certification.

50. The amount of class members are so numerous that individual joinder is impracticable. The precise number of class members is unknown to plaintiff. Upon information, the number of class members is in excess of fifty persons. The identities of potential class members are known to defendants and the class may be ascertained and their contact information for notice purposes obtained through defendants' records.

51. Questions of law and fact common to plaintiff and the class exist and those questions predominate over any questions that may affect individual class members. Those predominant, common questions include:

9

a. whether plaintiff and class members have been misclassified as independent contractors and actually were or are employees of defendants;

b. whether defendants have violated the rights of plaintiff and class members under the South Carolina Payment of Wages Act and common law by making illegal deductions from their wages, depriving them of other benefits of being employees and requiring them to pay defendants' expenses;

c. whether plaintiff and class members are entitled to injunctive relief prohibiting defendants from making illegal deductions from the wages of plaintiff and members of the class and requiring defendants to grant plaintiff and class members the rights and privileges of employees;

d. whether plaintiff and class members are entitled to declaratory relief declaring that they are employees of defendants;

e. whether defendants have been unjustly enriched at the expense of plaintiff and class members; and

f. whether defendants have violated the South Carolina Unfair and Deceptive Trade Practices Act by engaging in unfair and deceptive acts / practices affecting trade or commerce.

52. Plaintiff's claims are typical of the other class members. Plaintiff is informed and believes that he and the other distributors were misclassified as "independent contractors" when they were statutory and common-law employees and were therefore deprived the protections of employee status under the law. Plaintiff had the same duties and responsibilities the other class members and was subject to the same policies, practices, conditions of employment.

53. Plaintiff will adequately represent the interests of the class. Plaintiff's interests, including his treatment by defendants and resulting damages, are aligned with those of the class as a whole

who were treated in a substantially similar fashion as plaintiff. Plaintiff has retained attorneys who are well qualified to handle lawsuits of this type. Plaintiff has no interests that are adverse to those of the class members.

54. The common questions of law and fact as set forth above and concerning defendants' liability predominate over any individual questions, including the amount of damages incurred by each class member.

55. The expense and burden of individual litigation makes it impracticable for plaintiff and class members to seek redress individually for the wrongful conduct alleged. The class action device is the superior method for the efficient and just adjudication of these claims. Litigating these claims in a single action will streamline discovery and avoid needless repetition of evidence at trial.

## CAUSES OF ACTION

Count 1:    Violation of Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.
            (On behalf of the FLSA collective group)

56. Plaintiff incorporates all paragraphs above as if fully stated herein.

57. Section 207(a)(1) of the FLSA provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

58. There are no exemptions applicable to plaintiff or to other members of the FLSA collective group. Plaintiff and class members routinely drive or drove their personal vehicles to carry out their work.

59. For purposes of the FLSA, the employment practices of defendants were and are uniform in all respects material to the claims asserted in this complaint.

60. Plaintiff and the other members of the FLSA collective group, either regularly or from time to time, worked more than forty hours per week, but did not receive overtime pay.

61. At all relevant times, defendants have had gross operating revenues in excess of $500,000.

62. In committing the wrongful acts alleged to be in violation of the FLSA, defendants acted willfully in that they knowingly, deliberately, and intentionally failed to pay overtime wages to plaintiff and other members of the FLSA collective group.

63. As a result of defendants' failure to pay overtime premium wages, plaintiff and the other members of the FLSA collective group were damaged in an amount to be proved at trial.

64. Plaintiff demands that he and the other members of the Federal Collective Group be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, plus interest, damages, penalties, and attorneys' fees as provided by law.

Count 2:    Violation of the South Carolina Payment of Wages Act, S.C. Code § 41-10-10, *et seq*
(On behalf of plaintiff and the South Carolina class)

65. Plaintiff incorporates all paragraphs above as if fully stated herein.

66. It is unlawful under South Carolina law for an employer to make deductions from employee wages except as required or permitted by state or federal law or when the employer has given written notification to the employee of the amount and terms of the deductions to be made at the time of the hiring.

67. As set forth above, plaintiff and the class members have been misclassified by defendants as independent contractors / distributors. Plaintiff and class members are employees as that term is used in the South Carolina Payment of Wages Act and under the common law.

68.     Defendants violated the SCPWA during the class period and continuing through the trial of this action, by:

   a. making deductions from plaintiff's and the class members' wages in violation of S.C. Code §§ 41-10-30 & 41-10-80, including deductions for warehouse fees, fuel, stale product, vehicle payments, inventory charges, "charge backs," equipment fees, and distributor fees;

   b. failing to give notice at the time of hiring of the deductions to be made from the wages of plaintiff and the class members;

   c. failing to pay plaintiff and the class members' full wages when due as a result of the unlawful deductions described above; &

   d. any other unlawful practice under the Act by defendants as may be revealed through discovery.

69.     As a result of the unlawful conduct by defendants set forth above, plaintiff and the class members have sustained loss through unpaid wages as a proximate result of defendants' violation of SCPWA.

70.     Plaintiff on behalf of himself and the class members seeks damages in an amount equal to three times the full amount of the unpaid, earned wages, plus costs and reasonable attorney's fees as the court may allow.

Count 3:     Violation of the S.C. Unfair Trade Practices Act, S.C. Code § 39-5-10, *et seq*.
             (On behalf of plaintiff and the South Carolina class)

71.     Plaintiff incorporates all paragraphs above as if fully stated herein.

72.     Plaintiff and the class members are "persons" within the meaning of S.C. Code § 39-5-10(a).

73. Defendants, which receive substantial revenue from their operation in South Carolina and through the work of plaintiff and class members, are engaging in commerce as that term is defined in S.C. Code § 39-5-10(b).

74. The following unlawful actions and omissions by defendants constitute unfair and deceptive practices within the meaning of S.C. Code § 39-5-20(a):

   a. failing to disclose or concealing its competing interests to plaintiff and the class members, for example, failing to disclose they sell certain shelf-stable products at a lower price than their identical fresh products which are delivered by distributors while defendants retain the right to set the price of both sets of product;

   b. unfairly requiring distributors to service unprofitable retailer locations in their particular territory so that defendants may benefit from servicing other locations for such retailers in other territories which do not benefit the particular distributor;

   c. unfairly requiring distributors to absorb the costs to deliver low profit margin store brand bread so that defendants benefit from a competitive advantage with particular retailers with respect to other product lines with no benefit being derived by the distributors; &

   d. any other unfair or deceptive act affecting trade or commerce by defendants as may be revealed through discovery.

75. These unlawful actions and omissions are capable of repetition and, upon information, are currently ongoing.

76. Defendants' unlawful conduct affects the public interest of South Carolina.

77. Defendants knew, or reasonably should have known, that the unlawful conduct described above was in violation of the Act.

78. As a direct, foreseeable, and proximate result of defendants' unfair and deceptive conduct, plaintiff and the class members have suffered loss.

79. As such, plaintiff and the class members are entitled to their actual damages, which should be trebled, together with interest and attorneys' fees as provided by the Act.

Count 4:     Declaratory judgment
             (On behalf of plaintiff and the South Carolina class)

80. Plaintiff incorporates all paragraphs above as if fully stated herein.

81. Defendants have misclassified plaintiff and the class members as independent contractors as opposed to employees. As such, plaintiff respectfully requests a declaratory judgment establishing that plaintiff and the class members are or were employees of defendants and, as such, were entitled to the rights and privileges of employment under federal and South Carolina law.

## P R A Y E R   F O R   R E L I E F

Plaintiff requests the following relief on behalf of himself, all members of the FLSA collective group, all members of the South Carolina Rule 23, FRPC class and all other similarly situated individuals:

    a.     certification of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to those persons similarly situated alerting them to this action and allowing them to assert timely claims in this action by filing consent forms;

    b.     judgment that plaintiff and those similarly situated are non-exempt employees entitled to protection under the FLSA;

    c.     judgment that defendants' conduct in violation of the FLSA was willful;

    d.     certification of the South Carolina class under Rule 23, FRCP, appointing plaintiff as class representative, and appointing the undersigned as class counsel;

  e. declaratory and injunctive relief designating the plaintiff and South Carolina class members as employees and enjoining defendants from pursuing the illegal policies, acts, and practices described in this complaint;

  f. damages including but not limited to compensation to plaintiff and the class for the reasonable value of the benefits they provided defendants, reimbursement of unpaid wages at overtime rates for overtime hours worked, reimbursement of improper deductions taken from plaintiff and the class members' wages, and payment of any penalties or other amounts required by applicable law or statute, including trebling of damages awarded, liquidated damages, and prejudgment interest;

  g. an award of reasonable attorney's fees and costs;

  h. punitive damages should discovery reveal willful and wanton conduct by defendants in the acts and omissions set forth herein;

  i. such other legal and equitable relief as this court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff on behalf of himself and all those whom he seeks to represent demands trial by jury.

Respectfully,         RICHARDSON PATRICK WESTBROOK
                 & BRICKMAN, LLC

Dated: January 20, 2016    By: *s/ Chris Moore*
                Terry E. Richardson, Jr. (FBN: 3457)
                Chris Moore (FBN: 10445)
                1730 Jackson Street
                Post Office Box 1368
                Barnwell, South Carolina 29812
                T: 803.541.7850
                F: 803.541.9625

                James F. Walsh, Jr.
                1436 Amelia Street
                Orangeburg, South Carolina 29115
                T: 803.534.6061

**A**ttorneys for Named Plaintiff