# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Paul McCurley, III, individually and on behalf of all similarly situated individuals, ) ) ) | Civil Action No. 5:16-cv-00194-JMC |
| Plaintiff, ) ) | |
| v. ) ) | **ORDER AND OPINION** |
| Flowers Foods, Inc. and Derst Baking Company, LLC, ) ) ) | |
| Defendants. ) ) | |

Plaintiff Paul McCurley, III ("Plaintiff"), individually and on behalf of all similarly situated individuals, filed this class and collective action against Defendants Flowers Foods, Inc. ("FFI"), and Derst Baking Company, LLC" ("DBC"), (together "Defendants") alleging violation of the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201-219, the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann. §§ 41-10-10 to -110 (Supp. 2011), and the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. § 39-5-10 to -560 (2014). (ECF No. 1 at 11 ¶ 56–15 ¶ 81.)  Plaintiff alleges that he and other distributors of Defendants' products have been "misclassified as independent contractors" thereby resulting in the denial of "the rights and benefits of employment, including, but not limited to overtime pay." (Id. at 7 ¶ 37.)

This matter is before the court by way of Plaintiff's Motion for Conditional Certification and Judicial Notice pursuant to 29 U.S.C. § 216(b).  (ECF No. 45.)  In response, Defendants assert that "Plaintiff's Motion should be denied in its entirety and he should not be allowed to proceed with his FLSA claim on a collective action basis."  (ECF No. 56 at 2.)  For the reasons

set forth below, the court **GRANTS** Plaintiff's Motion for Conditional Certification and Judicial Notice.

## I. RELEVANT BACKGROUND TO THE PENDING MOTION

Headquartered in Thomasville, Georgia, FFI is "one of the largest producers of packaged bakery foods [i.e., fresh breads, buns, rolls, snack cakes, and tortillas] in the United States." Flowers Foods, http://www.flowersfoods.com/FFC_CompanyInfo/AboutFlowersFoods/index.cfm (last visited Oct. 21, 2016). DBC is a Savannah, Georgia-based bakery subsidiary of FFI. Flowers Foods, http://www.flowersfoods.com/FFC_Brands/BrandDetail.cfm?BrandID=13 (last visited Oct. 21, 2016). As part of FFI's "direct-story delivery ("DSD") network," DBC facilitates the sale and distribution of fresh baked goods to customers through agreements with independent distributing partners or distributors, who "are responsible for merchandising the products and engaging in other promotional, marketing, and sales activities, including but limited to stocking and merchandising the products on store shelves and using displays to increase their own sales."[1] (ECF Nos. 16 at 2 ¶ 2, 45-5 & 56 at 4.)

Plaintiff was a bakery distributor who delivered Defendants' products to retailers in the Orangeburg, South Carolina area from April 2013 to May 2016. (ECF No. 45-4 at 2 ¶ 2.) Plaintiff had a distributor agreement with DBC "that outlined . . . compensation and job performance expectations." (Id. at 6 ¶ 3.) Plaintiff's "main responsibility as a distributor was to deliver defendants' products to their customers." (Id. at 3 ¶ 5.) Plaintiff asserts that he was "paid on a 'piece rate' [wage] which was tied to the amount of products that defendants' retail customers would sell." (Id. at 2 ¶ 3.) Plaintiff's distributor agreement further contained a

---

[1] "Flowers Foods' top DSD brand is Nature's Own, the #1-selling bread brand in the United States." Flowers Foods, http://www.flowersfoods.com/FFC_CompanyInfo/AboutFlowers Foods/index.cfm (last visited Oct. 18, 2016). "Other top brands include Whitewheat, Wonder, Cobblestone Bread Co., and Tastykake." Id.

2

provision that expressly stated that distributors were considered to be independent contractors. (ECF No. 45-5 at 9 ¶ 15.1.)

On January 20, 2016, Plaintiff, individually and on behalf of all similarly situated individuals, filed this class and collective action against FFI and DBC alleging violation of the FLSA, the SCPWA, and the SCUTPA. (ECF No. 1 at 11 ¶ 56–15 ¶ 81.) Plaintiff challenges Defendants' alleged "misclassification of him and defendants' other distributors as independent contractors rather than employees." (ECF No. 45-1 at 6.) On July 18, 2016, Plaintiff filed the instant Motion for Conditional Certification and Judicial Notice pursuant to 29 U.S.C. § 216(b). (ECF No. 45.) Plaintiff proposes conditional certification of an FLSA class which he defines as follows:

> [A]ll individuals who, through a contract with Defendants or otherwise, performed or perform as Distributors for Defendants under an agreement with Derst Baking Company, LLC and who were classified by Defendants as "independent contractors" (collectively "Covered Positions") anywhere in the United States at any time from the date that is three years preceding the commencement of this action through the close of the Court-determined opt-in period and who file a consent to join this action pursuant to 29 U.S.C. § 216(b).

(ECF No. 45 at 1.) Additionally, Plaintiff seeks (1) "a sixty-day period for responding to the Notice," (2) production by Defendants of "a list of putative class members including information necessary to send the notice," and (3) permission "to send reminder postcards regarding the deadlines to the persons designated to receive notices on or about the thirtieth day of the sixty-day notice period." (Id.) Defendants filed a Memorandum in Opposition to Plaintiff's Motion for Conditional Certification and Judicial Notice on September 1, 2016, to which Plaintiff filed a Reply in Support of Motion for Conditional Certification and Judicial Notice on September 16, 2016. (ECF Nos. 56 & 61.)

On October 12, 2016, the court held a hearing on the pending Motion. (ECF No. 68.)

## II. JURISDICTION

This court has jurisdiction over Plaintiff's FLSA claim via 28 U.S.C. § 1331, as it arises under a law of the United States, and also via 29 U.S.C. § 216(b), which empowers a court as a court "of competent jurisdiction" to hear claims brought under the FLSA. The court may properly hear Plaintiff's state law claims based on supplemental jurisdiction since they are "so related to claims in the action within such original jurisdiction that . . . it form[s] part of the same case or controversy . . . ." 28 U.S.C. § 1367(a).

## III. LEGAL STANDARD AND ANALYSIS

A. <u>Applicable Standard</u>

Under the FLSA, employers must pay employees covered by the law a designated minimum wage, as well as overtime compensation when a covered employee works more than forty hours in one work week. 29 U.S.C. §§ 206–207. Under the FLSA, a plaintiff may institute a collective action against their employer on their own behalf and on behalf of other employees. Certification of a collective action under the FLSA is governed by 29 U.S.C. § 216(b), which provides as follows:

> An action to recover . . . [unpaid wages] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*Id.*

Certification of a collective action under § 216(b) is generally approached as a two-step process. See, e.g., <u>Holmes v. Charleston Ret. Inv'rs, LLC</u>, 115 F. Supp. 3d 653, 656 (D.S.C. 2014); <u>Purdham v. Fairfax Cnty. Pub. Schs.</u>, 629 F. Supp. 2d 544, 547–48 (E.D. Va. 2009) (noting that "the Fourth Circuit has not settled on a test for conditional certification in an FLSA

4

action"). First, the court determines whether the potential plaintiffs are "similarly situated." Id. at 548. At this stage, typically referred to as the "notice stage," "the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members." Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1249 n.2 (11th Cir. 2003). To demonstrate the plaintiffs in a putative class are similarly situated, the representative plaintiff generally "must make only a modest factual showing sufficient to demonstrate that [he] and potential plaintiffs together were victims of a common policy or plan that violated the law." Scholtisek v. Eldre Corp., 229 F.R.D. 381, 387 (W.D.N.Y. 2005) (internal quotations and citations omitted). "A plaintiff's burden [at this stage] is minimal, especially since the determination that potential plaintiffs are similarly situated is merely a preliminary one." Id. If the court finds that the proposed collective action members are similarly situated, the court conditionally certifies the collective action, giving putative collective action members notice and the opportunity to opt in. Purdham, 629 F. Supp. 2d at 547. "Although the standard of review at the notice stage is fairly lenient, 'courts should not exercise their discretion to facilitate notice unless '[t]he facts and the circumstances of the case illustrate' that a class of 'similarly situated' aggrieved employees exists.'" Holmes, 115 F. Supp. 3d at 657 (quoting Purdham, 629 F. Supp. 2d at 547–48).

"After most of the discovery has taken place and the matter is ready for trial, the defendant can initiate the second stage of inquiry by moving to 'decertify' the class. At that point, the court makes a factual determination as to whether the class is truly 'similarly situated.'" Id. (citation omitted). At this stage, if the court finds that the plaintiffs are similarly situated, the collective action may proceed to trial. Scholtisek, 229 F.R.D. at 387. If the court finds the members of the class are not similarly situated, the court decertifies the collective

5

action and the claims of those who opted in are dismissed without prejudice. Id. The original named plaintiffs may then proceed to trial on their individual claims. Id.

B.     The Parties' Arguments

Plaintiff challenges Defendants' misclassification of him and other distributors as independent contractors rather than employees. Plaintiff argues that distributors are employees because "Defendants control every aspect of the distribution process—price, quantity, service levels, sales, advertisements, promotions, marketing, stale product handling, delivery procedures, discipline, customer service, and more." (ECF No. 45-1 at 7.) Plaintiff also challenges Defendants' failure to pay overtime premium pay for hours worked after forty. Plaintiff argues that distributors "routinely work over forty hours per week to deliver Defendants' products, place it on store shelves, and return stale product to Defendants." (ECF Nos. 45-1 at 11 & 45-4 at 8 ¶ 11.)

Plaintiff argues that he is similarly situated to a proposed FLSA class of current and former distributors because they are all uniformly classified as independent contractors and have to comply with the same performance requirements. (ECF No. 45-1 at 17–18.) In support of this argument, Plaintiff specifically asserts the following:

> Plaintiff and putative collective group members perform the same job duties, entered into substantially similar distributor agreements, are subject to the same policies of Defendants, face the same economic realities, and are all misclassified as independent contractors. In addition, all Derst distributors were presented with proposed, uniform amendments to their distributor agreements in or around December 2015 which, among other things, would have incorporated a class action waiver, an arbitration agreement, encouraged distributors to incorporate, incorporated a settlement deduction authorization, and deleted other provisions of the distributor agreements such as the company's first right of refusal on transfer of distributorships and the non-compete clause.

(ECF No. 45-1 at 15.) Plaintiff further argues that the aforementioned demonstrates that the proposed class members have the same economic relationship with Defendants since they control

the manner in which distributors work and the profit or loss from product sales. (Id. 19–21.)

Based on the foregoing, Plaintiff requests that the court authorize (1) prompt notice[2] to putative class members, (2) a sixty day notice period for putative class members to join the case, and (3) Defendants to identify all distributors employed since January 20, 2013. (Id. at 21–22.)

Defendants argue that Plaintiff's Motion should be denied because there are "wide variations among distributors in how they operate their business, the extent of any control or restriction by Defendants, and the extent to which they engage in entrepreneurial activities[.]" (ECF No. 56 at 1.) As "indicia of independent contractor status," Defendants point to a distributor's (1) ownership of "the right to sell and distribute branded products in a defined territory"; (2) obligation "to maximize the sale of products"; (3) responsibility for providing his or her "own equipment and business expenses, including a suitable delivery vehicle, insurance, and maintenance of the vehicle"; (4) agreement that the relationship with Defendants "is one of independent contractor"; and (5) "right to hire employees or helpers." (Id. at 4–5.) In summary, Defendants contend that having the same job title and classification (as an independent contractor) is insufficient to support conditional certification.

In the alternative, Defendants argue that "Plaintiff's proposed class should be limited in scope to encompass, at most, only the five warehouses out of which he and the opt-in plaintiffs ran their distributorships, and the class must exclude all distributors who have signed an arbitration agreement." (Id. at 2.) In support of this argument, Defendants first specify that there is no evidence of a common policy or plan that violates the law. (ECF No. 56 at 21.) Defendants next assert that Plaintiff's evidence only references his distributorship experiences at two warehouses (Charleston, Orangeburg) and only five warehouses (Charleston, Orangeburg,

---

[2] The notice is attached as ECF No. 45-2.

Columbia #1, Columbia #2, Hardeeville) have opt-ins.[3]  (Id. at 14, 32.)  Moreover, Defendants assert that Plaintiff and his opt-ins have no knowledge of what distributors in other territories are doing to service those territories, including hours worked.  (Id. at 15–16.)  Finally, Defendants argue that Plaintiff is not an appropriate collective action representative of current distributors because (1) Plaintiff is no longer a distributor after he sold his distributorship and (2) some distributors have distributor agreements containing arbitration clauses and class action waivers, which provisions were not in Plaintiff's distributor agreement.  (Id. at 30 & 32.)

C.     The Court's Review

At the outset, the court observes that the parties could not agree to the scope of the standard applicable to Plaintiff's Motion.  Plaintiff requests application of a "fairly lenient" standard in which he would be required to make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." (ECF No. 45-1 at 13 (citing Holmes v. Charleston Ret. Inv'rs, LLC, 115 F. Supp. 3d 653, 657 (D.S.C. 2015)).)  Plaintiff asserts the "fairly lenient" standard is appropriate because "discovery in this case is not 'substantial in scope,' is not 'largely complete,' and 'significant discovery remains to be conducted.'"   (ECF No. 61 at 4 (citing Walter v. Buffets Inc., No. 6:13-CV-02995-JMC, 2015 WL 3903382, at *3 (D.S.C. June 25, 2015); Curtis v. Time Warner Entm't-Advance/Newhouse P'ship, No. 3:12-CV-2370-JFA, 2013 WL 1874848, at *6 (D.S.C. May 3, 2013)).)   Defendant asks for a more stringent, heightened, "intermediate standard" since the parties have "already engaged in substantial discovery" consisting of written discovery, the production of approximately 6,000 pages of documents, and depositions of Plaintiff and three opt-ins.  (ECF No. 56 at 17–18.)  In response to Defendants' suggestion of

---

[3] On the date this Order was entered, sixteen individuals had opted into this action.  (ECF Nos. 8, 10–15, 26–29, 31, 37–38, and 49–50.)

substantial discovery, Plaintiff argues that discovery "is not substantial in scope or nearly complete" because (1) he "has not taken a single deposition or engaged in meaningful written discovery" and (2) the vast majority of the 6,000 pages he received from Defendants "were non-responsive."[4]  (ECF No. 61 at 3–4.)

Some courts have applied the heightened, "intermediate standard" in reviewing a motion for conditional certification when "some, but not all, discovery has been completed."  E.g., Gordon v. TBC Retail Grp., Inc., 134 F. Supp. 3d 1027, 1032 (D.S.C. 2015).  Other courts have applied the "intermediate standard" in cases "where the parties have already engaged in substantial discovery."  Holmes, 115 F. Supp. 3d at 657 (quoting MacGregor v. Farmers Ins. Exch., No. 2:10-CV-03088, 2012 WL 2974679, at *2 (D.S.C. July 20, 2012)).  However, "the intermediate standard is generally inappropriate when relatively little discovery has taken place."  Id.  Based on the presentations of parties, the court is unable to reach a calculative conclusion of the amount of discovery that has occurred in this matter as compared to the amount of discovery needed to complete the litigation.  E.g., Long v. CPI Sec. Syss., Inc., 292 F.R.D. 296, 300 (W.D.N.C. 2013) (The court declined to use the intermediate standard because it did not want "to speculate how much discovery will be performed in this FLSA collective action," but further observed that "it appears likely that the discovery thus far completed is just a fraction of the total anticipated discovery.")  Accordingly, the court declines to utilize the intermediate standard and will apply the lenient standard to Plaintiff's Motion.

As to the merits of Plaintiff's Motion for Conditional Certification, the court observes that Plaintiff alleges in his Complaint that pursuant to a common policy of misclassifying

---

[4] "Plaintiff has issued a single written discovery request on the Defendants, wherein he asked for Defendants to identify their Distributors, identify those Distributors who entered into an arbitration/class waiver agreement with Defendants, and for a copy of the Distributors' distributor agreements." (ECF No. 61 at 3–4 (referencing ECF No. 61-1).) Defendants provided the 6,000 pages in response to Plaintiff's single discovery request. (Id. at 4.)

distributors as independent contractors, he and "class members have been denied the rights and benefits of employment, including, but not limited to overtime pay." (ECF No. 1 at 7 ¶ 37.) The court further observes that the affidavits and other documentation submitted by the parties support the assertion that distributors were considered by Defendants' policy to be independent contractors. (E.g., ECF Nos. 1 at 7 ¶ 36, 45-4 at 12 ¶ 13, 45-5 at 9 ¶ 15.1, 56-3 at 35 ¶ 13 & 56-5 at 2–3 ¶ 6.) Therefore, the court concludes that Plaintiff has demonstrated that he and the proposed class members are similarly situated as to their alleged misclassification as independent contractors.[5] E.g., Houston v. URS Corp., 591 F. Supp. 2d 827, 833–34 (E.D. Va. 2008) (finding that "Plaintiffs have sufficiently alleged a common policy or plan in that all inspectors were classified as independent contractors rather than employees"). Accordingly, the court will conditionally certify a class of distributors and order notice to be sent to the class.

In considering the scope of the proposed class, the court observes that Plaintiff only offers affidavits of individuals who worked as distributors in South Carolina (i.e., Plaintiff, William Griffith, and Jay Wrenn). (See ECF No. 45-4.) Moreover, Defendants specifically object to any class greater than "distributors who were party to a distributor agreement with Derst out of the Charleston, Orangeburg, Columbia #1 (Trotter Road), Columbia #2 (Charleston Highway), or Hardeeville warehouses–the only warehouses for which Plaintiff or opt-ins have provided any competent evidence, however limited." (ECF No. 56 at 32.) Notwithstanding the foregoing, the court is inclined to permit the class to extend to Georgia. In this regard, the court

---

[5] At the hearing on Plaintiff's Motion, Defendants argued that the policy of classifying distributors as independent contractors fails to support conditional certification because it does not violate the law. Plaintiff disputes this position and argues that consideration of Defendants' argument is not appropriate at the notice stage. "The determination of 'employee' status under the FLSA is a question of law, although it depends on subsidiary factual determinations." Degidio v. Crazy Horse Saloon & Rest., Inc., C/A No. 4:13-cv-02136-BHH, 2015 WL 5834280, at *6 (D.S.C. Sept. 30, 2015) (citation omitted). Because the resolution of the independent contractor issue could turn on facts that are not yet developed, the court finds Plaintiff's argument more persuasive.

observes that DBC operates eight warehouses in South Carolina and ten warehouses in Georgia. (ECF No. 56 at 2 & n.2.)  The evidence in the record allows for the inference that all of DBC's distributors work pursuant to distributor agreements that define them as independent contractors. Therefore, the court preliminarily concludes that distributors in Georgia, who are also subject to the same policy that allegedly misclassifies them as independent contractors, should be included in this class.

## IV.   CONCLUSION

For the foregoing reasons, the court **GRANTS** Plaintiff's Motion for Conditional Certification and Judicial Notice.  (ECF No. 45.)  As requested in their Memorandum in Opposition to Plaintiff's Motion for Conditional Certification and Judicial Notice (ECF No. 56 at 33 n.28), Defendants shall have until October 31, 2016, to submit additional briefing regarding (1) the inclusion in the class of distributors who have signed an arbitration agreement and (2) their objections to Plaintiff's proposed Notice.  Plaintiff shall have until November 7, 2016, to file a response to Defendants' submission.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 24, 2016
Columbia, South Carolina